Montgomery G. Griffin
montyg@montgomerygriffin.com
Theodore S. Avery, FLA SBN 0120071
theo@montgomerygriffin.com
LAW OFFICES OF MONTGOMERY G. GRIFFIN
620 Newport Center Drive, 11th Floor
Newport Beach, California 92660
(949) 721-9781   FAX  (949) 721-8934

Attorneys for Defendants, Robert Tondreault and inMotion, LLC, and Defendant and Counter-claimant iConn, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FLYCLIP, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br>vs.<br><br>iCONN, INC., a Nevada company; ROBERT TONDREAULT, an individual; and inMOTION, LLC, a California limited liability company,<br><br>　　　　　Defendants. | Case No. 1:18-cv-23579-FAM<br><br>**COUNTER-CLAIMS OF iCONN, INC.**<br><br>**(1) Breach of Contract**<br>**(2) Breach of Implied Covenant of Good Faith and Fair Dealing**<br>**(3) Negligent Misrepresentation**<br>**(4) Quantum Meruit**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date Filed:　　August 3, 2018<br>FLA Case #:　　2018-026329-CA-01<br>Trial Date:　　Not yet set. |
| iCONN, Inc., a Nevada company,<br><br>　　　　　Counter-claimant,<br>vs.<br><br>FLYCLIP, LLC, a Delaware limited liability company, and JONATHAN NUSSBAUM, an individual, and ROES 1 through 10, inclusive<br><br>　　　　　Counter-defendants. | |

　　　Counter-Claimant iConn, Inc. for its counterclaims against Counter-Claim defendants, avers as follows:

1

MCQUEEN DROSTE LLP
LAW OFFICE OF MONTGOMERY GRIFFIN
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

**COUNTERCLAIMS OF ICONN**

## The Parties

1.      Counter-claimant iCONN, INC. ("iConn" or "Counter-claimant") is a Nevada corporation which has its principal place of business in Irvine, California.

2.      Counter-defendant FLYCLIP, LLC ("FlyClip") is, on information and belief, a Delaware limited liability company which has its principal place of business in Miami Beach, Florida.

3.      Counter-defendant JONATHAN NUSSBAUM ("Nussbaum") (collectively with FlyClip, "Counter-defendants") is, on information and belief, the managing member and majority owner of FlyClip and resides in Miami Beach, Florida.

## General Allegations

4.      iConn was engaged by FlyClip to design and develop a wearable consumer product (the "Product"), with related software/algorithm for tracking certain measured movements, actions and other metrics (the "Application").

5.      The Product and the Application followed substantially different developmental paths.  The Product, or LaceClip, is a small device designed to sit in the lace area of a shoe, and includes an enclosed battery and printed circuit board. FlyClip ordered tooling for production of the mechanical enclosure for the LaceClip in or about February 2016.  Within a few months, iConn had designed, manufactured and delivered a production prototype of the mechanical enclosure to FlyClip.  Subsequently, at FlyClip's request, iConn also engineered a smaller version of the mechanical enclosure and other hardware for the LaceClip.  Shortly thereafter, at FlyClip's direction samples of the Product were shipped to The Factory Interactive ("TFI") for testing.

6.      The Application was more complicated than the Product.  Although iConn made much progress, the Application's development was plagued by the acts and omissions of FlyClip.  Of significant import, FlyClip did not provide a Scope of Work.  Despite iConn's repeated entreaties, FlyClip proved incapable of

McQueen Droste LLP
Law Office of Montgomery Griffin
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

2

COUNTERCLAIMS OF ICONN

articulating a Scope of Work, a problem which significantly hampered iConn's ability to develop the Application.  Moreover, what little detailed direction FlyClip provided in absence of a Scope of Work it subsequently revised and altered, forcing iConn to start anew on multiple occasions.

7. Without a Scope of Work, FlyClip acted in disarray.  Examples include its (1) introducing TFI for the user application (in 2015), (2) changing the original API format to JSON Java Program Language (2015), and (3) replacing TFI with Siana for development of the laceclip module (2016), which brought the significant change of the ST Micro Controller.  In addition, FlyClip often diverted iConn from the Application, including, for example, by involving iConn in FlyClip's GPS Project for the tracking of toddlers (2015).  FlyClip's lack of coherence made managing development of the Application substantially more difficult and time consuming than it otherwise would have been.

8. Exasperating FlyClip's lack of direction was its failure to follow-up on its demand that Siana be allowed access to source code of iConn and its subsidiary, inMotion, LLC ("inMotion"), in early June 2017.  Siana was engaged by FlyClip to design the circuitry for hardware and firmware to be incorporated into the LaceClip, which circuitry is necessary to connect iConn's tracking algorithm with FlyClip's product architecture.  FlyClip requested that iConn release the source code for iConn's proprietary software and algorithm to Siana to assist Siana in its circuitry design.  iConn agreed, subject only to the parties, including FlyClip, signing a confidentiality agreement.  iConn provided a draft of the agreement to FlyClip, but instead of pursuing the agreement, FlyClip went silent.  In the end, FlyClip failed to sign the agreement protecting the source code of iConn and its subsidiary, inMotion, thereby preventing Siana's validation of the algorithm and quicker integration of the Application and Siana's architecture.

McQueen Droste LLP
Law Office of Montgomery Griffin
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

3

COUNTERCLAIMS OF ICONN

9. In addition, FlyClip was late or failed to pay iConn altogether for its work. In total, FlyClip failed to pay more than $30,000 for invoiced work. In addition, FlyClip has not paid $119,000 for work completed but not yet invoiced.

10. Though hindered by FlyClip's system changes, project distractions, failure to sign the proprietary software agreement involving Siana, and lack of payment for services rendered, iConn diligently and in good faith made progressive improvements through each system variation implemented by FlyClip. But for FlyClip's dysfunctionality, iConn is informed and believes that the Product and Application would have been successfully completed. Instead, FlyClip terminated iConn's work in or about June 2018.

## COUNT I

### Breach of Contract

### (*Against FlyClip*)

11. Counter-claimant repeats and re-alleges paragraphs 1 through 10 above as though fully set forth herein.

12. This is an action by iConn against FlyClip for breach of a partly written, partly oral contract.

13. FlyClip entered into an agreement with iConn whereby FlyClip agreed reasonably and timely to pay for labor and materials utilized in the design and development of the Product and the Application.

14. FlyClip materially breached the agreement with iConn by failing reasonably and timely to pay iConn for labor and materials.

15. As a direct and proximate result of FlyClip's breaches of the agreement, iConn has suffered and continues to suffer compensatory damages.

WHEREFORE, iConn demands judgment for damages against FlyClip in an amount to be determined at trial, plus all pre-judgment interest, taxable costs, and any other and further relief that this Court deems just and proper.

McQueen Droste LLP
Law Office of Montgomery Griffin
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

4

COUNTERCLAIMS OF ICONN

## COUNT II

## Breach of Implied Covenant of Good Faith and Fair Dealing

### (*Against FlyClip*)

16. Counter-claimant repeats and re-alleges paragraphs 1 through 15 above as though fully set forth herein.

17. This is an action by iConn against FlyClip for the breach of the implied covenant of good faith and fair dealing.

18. The agreement of FlyClip to pay for labor and materials utilized in the design and development of the Product and the Application includes an implied covenant that the parties will perform in good faith.

19. FlyClip's failure to articulate a Scope of Work, lack of direction, numerous revisions, unwillingness to enter into a confidentiality agreement, delinquent payments and nonpayment frustrated the purpose of the parties' agreement.

20. By its acts and omissions, FlyClip breached the implied covenant of good faith and fair dealing integral to its agreement with iConn.

21. As a direct and proximate result of FlyClip's breach of the implied covenant of good faith and fair dealing, iConn has suffered and continues to suffer compensatory damages.

WHEREFORE, iConn demands judgment for damages against FlyClip in an amount to be determined at trial, plus all pre-judgment interest, taxable costs, and any other further relief that this Court deems just and proper.

## COUNT III

## Negligent Misrepresentation

### (*Against FlyClip and Nussbaum*)

22. Counter-claimant repeats and re-alleges paragraphs 1 through 15 above as though fully set forth herein.

McQUEEN DROSTE LLP
LAW OFFICE OF MONTGOMERY GRIFFIN
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

5

COUNTERCLAIMS OF ICONN

23. This is an action for negligent misrepresentation and/or omissions of material fact by iConn against FlyClip and Nussbaum.

24. Nussbaum, for himself and on behalf of FlyClip as FlyClip's apparent, actual, and/or authorized agent, made false statements of material fact and/or omissions of material fact to iConn, including, but not limited to, the false statements and/or material omissions that FlyClip would timely pay iConn for work and materials expended on the Product and the Application and would agree to reasonable protection of the source code of iConn and inMotion.

25. Nussbaum, for himself and on behalf of FlyClip as FlyClip's apparent, actual, and/or authorized agent knew or should have known that the representations were false or inaccurate and/or the materiality of the omissions at the time the statements and omissions were made.

26. Nussbaum, for himself and on behalf of FlyClip as FlyClip's apparent, actual, and/or authorized agent intended that the representations and/or omissions of material fact would induce iConn to act in reliance upon such statements and/or material omissions, including, without limitations: (a) to cause iConn to perform work on behalf of FlyClip; and (b) to cause iConn to continue working over a continued period of time despite delinquent payments and nonpayment.

27. iConn justifiably relied upon Nussbaum's and FlyClip's representations and omissions of material fact.

28. As a direct and proximate result of iConn's justifiable reliance on Nussbaum's and FlyClip's false and/or inaccurate representations and/or omissions of material fact, iConn has suffered and continues to suffer damages.

WHEREFORE, iConn demands judgment for damages against Nussbaum and FlyClip in an amount to be determined at trial, plus all pre-judgment interest, taxable costs, and any other further relief that this Court deems just and proper.

McQueen Droste LLP
Law Office of Montgomery Griffin
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

6

COUNTERCLAIMS OF ICONN

## COUNT IV

## Quantum Meruit

### (*Against FlyClip*)

29. Counter-claimant repeats and re-alleges paragraphs 1 through 10 above as though fully set forth herein.

30. This is an action for quantum meruit by iConn against FlyClip.

31. iConn provided time and materials to FlyClip as a result of iConn's work on the Product and the Application.

32. FlyClip knowingly and voluntarily accepted the time and materials provided by iConn and retained such benefits knowing that iConn expected to be paid therefor. Nonetheless, FlyClip failed to pay for a substantial portion thereof.

33. The circumstances are such that it would be inequitable and unjust for FlyClip to retain the benefits bestowed upon it without reimbursing iConn for the full value thereof.

WHEREFORE, iConn demands judgment for damages against FlyClip in an amount to be determined at trial, plus all pre-judgment interest, taxable costs, and any other further relief that this Court deems just and proper.

## PRAYER

WHEREFORE, Counter-claimant prays for judgment as follows:

1. That judgment be entered, and compensatory damages be awarded to Counter-claimant on each count of the Counterclaims;

2. That Counter-claimant be awarded its costs incurred herein;

3. For pre-judgment interest; and

4. For such other and further relief as the Court deems just.

McQueen Droste LLP
Law Office of Montgomery Griffin
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

7

COUNTERCLAIMS OF ICONN

Respectfully submitted,

Dated:  September 4, 2018     Law Offices of Montgomery G. Griffin

By: ___s/ Theodore S. Avery
Theodore S. Avery (Florida Bar Number: 0120071)
theo@montgomerygriffin.com
Law Offices of Montgomery G. Griffin
620 Newport Center Drive, 11th Floor
Newport Beach, California 92660
Telephone: (949) 721-9781
Facsimile: (949) 721-8934
Attorneys for Defendants, Robert Tondreault and inMotion, LLC, and Defendant and Counter-claimant iConn, Inc.

McQueen Droste LLP
Law Office of Montgomery Griffin
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

8

COUNTERCLAIMS OF ICONN

## **DEMAND FOR JURY TRIAL**

Defendants request a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  September 4, 2018          Law Offices of Montgomery G. Griffin


By: _s/ Theodore S. Avery
Theodore S. Avery (Florida Bar Number: 0120071)
theo@montgomerygriffin.com
Law Offices of Montgomery G. Griffin
620 Newport Center Drive, 11th Floor
Newport Beach, California 92660
Telephone: (949) 721-9781
Facsimile: (949) 721-8934
Attorneys for Defendants iConn, Inc.,
Robert Tondreault and inMotion, LLC.

McQueen Droste LLP
Law Office of Montgomery Griffin
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

9

COUNTERCLAIMS OF ICONN

**CERTIFICATE OF SERVICE – CM/EFC**

I, Theodore S. Avery, hereby certify and declare as follows:

1. I am over the age of 18 years and am not a party to the within cause. I am employed in the County of Orange, State of California.

2. My business address is 620 Newport Center Dr., 11th Floor, Newport Beach, CA 92660.

3. On September 4, 2018, I served a true copy of the attached document titled exactly:

**COUNTER CLAIM OF iCONN, INC.**

by filing through the CM/ECF system and thereby causing it to be served via electronic mail to all persons appearing on the docket sheet to receive service in this case, as listed below:

David B. Haber, Esq.            dhaber@dhaberlaw.com
Lauren S. Fallick, Esq.         lfallick@dhaberlaw.com
HABER SLADE, P.A.
Counsel for Plaintiff
201 S. Biscayne Blvd., Suite 1205
Miami, Florida 33131
Tel: 305-379-2400
Fax: 305-379-1106

I certify and declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of September, 2018, in Newport Beach, California.

s/ Theodore S. Avery
Theodore S. Avery (Florida Bar Number: 0120071)
theo@montgomerygriffin.com
Law Offices of Montgomery G. Griffin
620 Newport Center Drive, 11th Floor
Newport Beach, California 92660
Telephone: (949) 721-9781
Facsimile: (949) 721-8934

McQueen Droste LLP
Law Office of Montgomery Griffin
450 Newport Center Dr.
Suite 500
Newport Beach, CA 92660

10

COUNTERCLAIMS OF ICONN